**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES T. CROCKETT, | No. 18-16614 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00959-JJT-JZB |
| v. | |
| VENALONZO, S.S.U., CO II, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Arizona state prisoner Charles T. Crockett appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that a contraband investigation violated his constitutional rights.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Ballen v. City of Redmond*, 466 F.3d

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

736, 741 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment on Crockett's First Amendment retaliation claim because Crockett failed to raise a genuine dispute of material fact as to whether defendant's action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Crockett's Fourth Amendment claim arising out of a strip search because Crockett failed to raise a genuine dispute of material fact as to whether the search was unreasonable in its scope, manner, location, or justification. *See Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (factors to be considered when evaluating whether search was unreasonable under Fourth Amendment).

The district court properly granted summary judgment on Crockett's Fourth Amendment claim related to Crockett's fecal sample on the basis of qualified immunity because defendant's conduct did not violate clearly established rights. *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) (defendants sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established; "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was

violating it").

The district court properly granted summary judgment on Crockett's Eighth Amendment cruel and unusual punishment claim because Crockett failed to raise a genuine dispute of material fact as to whether any alleged deprivation was objectively sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (the complained of act or omission must result in the denial of "the minimal civilized measure of life's necessities" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Crockett's Fourteenth Amendment due process claim because Crockett failed to raise a genuine dispute of material fact as to whether the complained of conduct implicated a liberty interest. *See Chappell v. Mandeville*, 706 F.3d 1053, 1062-63 (9th Cir. 2013) (temporary contraband watch does not trigger due process protections).

Crockett's motion for appointment of counsel (Docket Entry No. 11) is denied.

**AFFIRMED.**